NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-789

COMMONWEALTH

vs.

LAZARO TRIZAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Appealing from an order of a Superior Court judge revoking his probation and imposing a sentence, the probationer, Lazaro Trizan, claims that a series of errors denied him due process of law.  We affirm.

Background.  Following guilty pleas to several offenses on November 16, 2011, a judge sentenced the probationer to State prison for five to seven years and a concurrent ten years of probation.  General conditions of probation included the following requirement:  "You shall obey all local, state and federal laws and all Court orders."  Nearly ten years later, the probationer's ex-girlfriend in Florida reported to the police that she received over one hundred telephone calls on her work telephone from the probationer between July 15-19, 2021.  On November 19, 2021, a notice of alleged probation violation

issued from the Superior Court, indicating the following basis for the violation: "NEW OFFENSE: 11/4/2021 Leon County Sheriff's Office Offe[n]se Tracking Number 3703047692: Aggravated Stalking, Harassing Communication." After a final surrender hearing on March 18, 2022, a judge found the probationer violated his probation and sentenced him to two to five years in State prison.

At the hearing, the probationer raised only one issue that is pertinent here. He unsuccessfully objected on reliable hearsay grounds to a four-page exhibit entitled, "SUMMARY OF OFFENSES AND PROBABLE CAUSE AFFIDAVIT" (the exhibit). The exhibit consisted of an affidavit prepared by a police detective from Florida and alleged facts constituting probable cause to charge the probationer with "three counts of harassing phone calls and one count of aggravated stalking." A county judge in Florida signed the document and found "[p]robable cause sufficient." On appeal, the probationer repeats his hearsay argument and raises four new, additional claims. We discern no error by the judge in overruling the probationer's objection to the document on hearsay grounds, see Commonwealth v. Durling, 407 Mass. 108, 115 (1990), and we discern no error and no "substantial risk of a miscarriage of justice" relative to the additional claims raised for the first time on appeal. Commonwealth v. Freeman, 352 Mass. 556, 564 (1967).

2

Discussion.  1.  Reliable hearsay.  There is no "per se prohibition on the use of hearsay evidence at probation revocation hearings."  Durling, 407 Mass. at 115.  See Guidelines for Probation Violation Proceedings in the Superior Court § 6(B).  "Unsubstantiated and unreliable hearsay cannot, consistent with due process, be the entire basis of a probation revocation.  When hearsay evidence is reliable, however, then it can be the basis of a revocation."  Durling, supra at 118.  "The probation department may meet its burden of proof to establish a violation solely through the admission of hearsay with substantial indicia of reliability."  Commonwealth v. Hartfield, 474 Mass. 474, 482 (2016).

We agree with the judge's determination that the challenged exhibit was reliable.  The exhibit included an affidavit, signed under the pains and penalties of perjury, by a detective who outlined the steps he took during an investigation.  That affidavit provided the following information:  the victim identified herself and met with the detective; she reported that on July 6, 2021, the probationer appeared at her residence in Florida, followed her, and attempted to forcibly stop her car in traffic; she provided details of more than one hundred unsolicited telephone calls received from the probationer between July 15-19, 2021; she was unable to conduct business on her office telephone because of the calls; she provided

3

telephone logs to the detective; she recognized one of three numbers that called as belonging to the probationer; telephone records obtained by the detective linked the two other numbers from the telephone logs to the probationer; the telephone records of all three telephone numbers confirmed that calls were made to the victim's telephone and were consistent with the dates and times in the call log of the victim's telephone; the detective spoke by telephone with the probationer; and the probationer admitted in that recorded telephone call with the detective that he made the calls. Given the personal knowledge, direct observations, the level of factual detail, the consistent and corroborated information, and the circumstances supporting the veracity of the allegations, the challenged exhibit demonstrated the requisite "substantial indicia of reliability." Hartfield, 474 Mass. at 484.

2. New claims. For the first time, the probationer raises four additional claims. These claims fail to identify an error, let alone a substantial risk of a miscarriage of justice. See Freeman, 352 Mass. at 564.

(1) First, the probationer contends that the exhibit "did not provide an adequate basis for an independent determination of criminality." Based on the detailed factual summary in the affidavit, the judge was "capable of making an independent finding, at least to a reasonable degree of certainty, that the

4

defendant had violated a condition . . . of his probation" by committing crimes in another jurisdiction. Commonwealth v. Maggio, 414 Mass. 193, 198 (1993). See G. L. c. 233, § 70 ("The courts shall take judicial notice of the law of the United States or of any state, territory or dependency thereof or of a foreign country whenever the same shall be material"); Fla. Stat. § 365.16(1)(b)-(d) (1995) (prohibiting repeated telephone calls); Fla. Stat. § 784.048(3) (2019) (prohibiting repeated acts of following or communicating).

(2) The probationer also claims that he did not have "clear notice" that the telephone calls risked violating Florida law. The probationer was certainly aware that his conduct might transgress the law because he had been charged with crimes and was the subject of restraining orders under similar circumstances in the past. Putting aside his prior interactions with law enforcement and the courts, the probationer cannot rely upon ignorance of the law in Florida, where he previously resided before moving to Texas. See Haven v. Foster, 26 Mass. 112, 130 (1829) ("In all civil and criminal proceedings every man is presumed to know the law of the land . . .").

(3) The probationer additionally claims that he did not have "fair notice of the charges against him," but he took a different position at the probation revocation hearing, where defense counsel acknowledged that notice was not an issue. "The

5

[probationer's] contrary position in the trial court bars [his] claim on appeal." Rabinowitz v. Schenkman, 103 Mass. App. Ct. 538, 541 (2023). See Commonwealth v. Ng, 489 Mass. 242, 255-256 (2022). The record also does not support the probationer's current contention that the judge based her decision on the probationer's "past history" and effectively denied him an opportunity to be heard.

(4) Finally, the probationer contends that the judge erred by finding the probationer in violation of his probation after his probation term expired. "There can be no violation of probation unless committed during the probationary period, but it is settled in the Commonwealth that in suitable circumstances probation may be revoked after that period. However, it must occur within a 'reasonable' time." Commonwealth v. Baillargeon, 28 Mass. App. Ct. 16, 20 (1989). The record discloses the following timeline: following the incidents in Florida detailed in the affidavit in the exhibit, the probationer moved to Texas; process issued from Florida on November 4, 2021; the ten-year probation term ended on November 16, 2021; notice of the probation violation issued on November 19, 2021; the initial probation surrender hearing occurred on January 12, 2022; and following one continuance the court rescheduled the final probation surrender hearing to March 2022 "due to [the] State of Emergency surrounding the Covid-19 virus." This timeline of

revocation is not unreasonable, especially given the multiple jurisdictions, COVID-19 pandemic, and lack of prejudice to the probationer.

Order revoking probation and
imposing sentence affirmed.

By the Court (Green, C.J.,
Hand & Hodgens, JJ.[1]),

Assistant Clerk

Entered:  March 15, 2024.

---

[1] The panelists are listed in order of seniority.